UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEAN YOUNG | CIVIL ACTION |
| VERSUS | NO. 08-1126 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | SECTION "C" (1) |

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.  Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns unpaid Katrina-related losses allegedly covered under a homeowner's policy issued by the defendant.  This matter was removed on the basis of diversity jurisdiction.  It was previously remanded by this Court on December 3, 2008.  Jean Young v. Liberty Mutual Fire Insurance Co., Civ. Action No. 07-4242 "C"(1).

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart

Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  <u>Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. <u>Id.</u>   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General Motors Corp.</u>, 298 U.S. 178, 182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681 F.2d 1039 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1107 (1983).

      This removal is based on substantially the same information as was the previous remand, and relies on substantially the same underlying estimates, except that the

plaintiff now admits to having received an additional $80,956.67 for property under her flood policy, and previously admitted to having received $47,000.00 in Road Home funds.[1]  Again, this Court has repeatedly held that because insurance policies are contracts of indemnity, any recovery is subject to offset by payments received under flood insurance policies under these circumstances. See e.g. *Reeves v. State Farm Insurance Co.*, 2007 WL 2264434 (E.D.La.).  See also *Esposito v. Allstate Insurance Co.*, 2007 WL 1125761 (E.D.La.)(J. Zainey);  *Weiss v. Allstate Insurance Co.*, 2007 WL 891869 (E.D.La.)(J. Vance). [2]

The Court finds that the defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes.  The plaintiff does not make a claim under Louisiana's Valued Policy Law.  Not only are the estimates provided duplicative of those relied upon in the first removal, but have not been shown to be for isolated wind damages as opposed to water damages for which the plaintiff has been compensated.  Under these circumstances, the Court finds that the defendant has not

---

[1]  Amounts apparently received by the plaintiff as FEMA emergency funds were not mentioned in the plaintiff's accounting.

[2]  The Court recognizes the apparent inequity in paying separate premiums for flood coverage and wind coverage and yet receiving what amounts to shared recovery under circumstances such as those presented in this case.  That is an anomaly created by the fact that homeowners' policies do not usually cover flood loss and, to be sure of the coverage for all contingencies, both policies are needed.  Katrina was unusual in the breadth of damage caused.

made a showing "sufficiently particularized" to meet its burden.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 28th day of March, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE